UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
EDGARDO AYALA,                                    :
                          Plaintiff,              :        **MEMORANDUM OPINION**
                                                  :        **AND ORDER**
v.                                                :
                                                  :        18 CV 124 (VB)
COMMISSIONER OF THE SOCIAL                         :
SECURITY ADMINSITRATION,                          :
                          Defendant.              :
-------------------------------------------------------------x

Briccetti, J.:

        Before the Court is Magistrate Judge Lisa Margaret Smith's Report and Recommendation

("R&R"), dated March 12, 2019 (Doc. #25), on the parties' cross motions for judgment on the

pleadings pursuant to Fed. R. Civ. P. 12(c). (Docs. ##12, 21). Because the Commissioner's

decision regarding plaintiff's claims utilized the proper standard and was supported by

substantial evidence, Judge Smith recommended granting defendant's motion for judgment on

the pleadings, denying plaintiff's motion for judgment on the pleadings, and dismissing the case.

        For the following reasons, the Court adopts the R&R. Defendant's motion is

GRANTED. Plaintiff's motion is DENIED. The case is DISMISSED.

        Familiarity with the factual and procedural background of this case is presumed.

        A district court reviewing a magistrate judge's report and recommendation "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and

recommendation, but they must be "specific[,] written," and submitted within fourteen days after

being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); see also

28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed. R.

Civ. P. 6(d).

Insofar as a report and recommendation addresses a dispositive motion, a district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Plaintiff filed timely objections to the R&R (Doc. #26), asserting the same arguments he raised in his complaint. Each argument is discussed in turn.

First, plaintiff argues Judge Smith erred in finding the Administrative Law Judge ("ALJ") properly weighed the medical opinion testimony of the treating physicians and the consulting physicians. Judge Smith correctly noted that an ALJ "retains the discretion to reach a conclusion inconsistent with an opinion of a treating physician where that conclusion is supported by sufficient contradictory evidence." R&R at 11 (quoting Cohen v. Comm'r of Soc. Sec., 643 F. App'x 51, 53 (2d Cir. 2016) (summary order)). The R&R detailed the record evidence that the ALJ used when weighing the treating physicians' opinions, such as the treating physicians' inconsistent treatment notes, the plaintiff's own testimony about his functional abilities, and the inconsistent records of other physicians. Regarding the ALJ's treatment of consulting physicians, as Judge Smith found, an ALJ can afford great weight to a consulting physician's report if it is consistent with the record as a whole. R&R at 27 (citing Vanterpool v. Colvin, 2014 WL 1979925, at *14 (S.D.N.Y. May 15, 2014)). Judge Smith also correctly recognized

that after weighing the medical opinion testimony, an ALJ is "entitled to . . . to make [a residual functional capacity] finding that was consistent with the record as a whole." Id. at 32 (quoting Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order)).

Second, plaintiff objects to Judge Smith's determination that the ALJ properly evaluated plaintiff's testimony. As Judge Smith noted, the ALJ is entitled to deference in matters of credibility, and here, the ALJ explained at length the basis for her finding that plaintiff's testimony was inconsistent with the evidence of the medical experts and plaintiff's daily life. R&R at 34.

Finally, plaintiff's additional medical evidence is not cause for remand and reconsideration because Judge Smith correctly found plaintiff cannot show it is either new or material to the ALJ's determination. R&R at 39 (citing Suttles v. Colvin, 654 F. App'x 44, 47 (2d Cir. 2016) (summary order)).

The Court has reviewed the R&R and finds no error, clear or otherwise.

Plaintiff's objections are OVERRULED.

## CONCLUSION

Plaintiff's objections to the R&R are OVERRULED. (Doc. #26).

The R&R is adopted as the opinion of the Court. (Doc. #25).

Defendant's motion for judgment on the pleadings is GRANTED. (Doc. #21).

Plaintiff's motion for judgment on the pleadings is DENIED. (Doc. #12)

This case is DISMISSED.

The Clerk is instructed to (i) terminate the motions (Docs. ##12, 21), (ii) enter Judgment accordingly, and (iii) close this case.

Dated: March 28, ~~2018~~ 2019
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge